INDEPENDENT SCHOOL DISTRICT NO. 639, VESTA, AND ANOTHER v. INDEPENDENT SCHOOL DISTRICT NO. 893, ECHO.

160 N. W. (2d) 686.

August 9, 1968—No. 40,724.

164

*James E. Knutson, Peter S. Popovich,* and *Peterson & Popovich,* for appellants.

*Willette, Zeug & Kraft,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the District Court of Yellow Medicine County. Independent School District No. 639 of Vesta, alleging that it is part of the Redwood Falls high school area, brought an action against

Independent School District No. 893 of Echo to enjoin the latter from sending school buses into the Vesta district. Independent School District No. 637 of Redwood Falls, after obtaining an order granting leave to intervene, intervened in the action as a party-plaintiff. The Echo district counterclaimed, alleging that the Vesta district is part of the Echo high school area and asking that both plaintiffs be enjoined from interfering with the transportation of children within the Vesta district. After a trial without a jury, the district court dismissed plaintiffs' action and granted defendant's counterclaim. This appeal followed.

In 1938 Vesta became ineligible for state aid because it maintained an unaccredited high school. In that year it petitioned the Redwood County Districting Committee for a transfer from the Echo high school area, which is contiguous to the Vesta district, to the Redwood Falls high school area, which is not contiguous to the Vesta district. The committee denied the request.

Vesta appealed to the State Department of Education. On May 23, 1938, a hearing was held before the department's Standards Committee, which took no action on the appeal at that time but did recommend that the State Board of Education amend its regulations to allow the commissioner of education to make exceptions to the rule that a territory assigned to a high school area must be contiguous to the area. On June 25, 1938, the state board adopted the proposed amendment.

At a meeting held July 20, 1938, the Standards Committee recommended to the commissioner that Vesta District No. 102 (later renumbered District No. 639) be transferred from the Echo high school area to the Redwood Falls high school area. On August 3, 1938, T. C. Engum, the Standards Committee chairman, sent a letter to the clerk of the Vesta district informing him that the committee had granted Vesta's request for transfer. Engum testified that the commissioner looked the letter over and approved it before it was sent out. So far as appears, no further official action was taken at that time.

Since 1938 Vesta, using its own buses, has transported its children to Redwood Falls. During that period the district has grown. In 1938 it encompassed only the village of Vesta. Between 1952 and 1954 several surrounding areas were added to the district. Most of these areas

were within the Echo high school area. On September 26, 1957, the Vesta school board adopted a resolution proposing that any part of its district within the Echo high school area be transferred from that area to the Redwood Falls high school area. The Redwood Falls school board in turn adopted a resolution accepting the transfer.

After consolidation of the outlying areas, it appears that both Echo and Vesta picked up children in these areas. Echo continued to do so after the 1957 resolution for transfer. For more than 20 years after Vesta began busing children to Redwood Falls, however, Echo did not send its buses into the village of Vesta. Then, in 1961, it began sending buses into the village. Except for a short time after December 8, 1964, it has continued to do so since.

The presence of Echo's buses in Vesta caused some friction between Vesta and Echo. Both sides presented their views at an informal meeting before the assistant commissioner of education in December 1964. At the conclusion of that meeting, the assistant commissioner stated his opinion that Vesta was in the Redwood Falls high school area. For a short time thereafter Echo withheld its buses from Vesta, but soon began sending them into the district again. This suit followed.

The trial court found that the Vesta district was never lawfully transferred from the Echo high school area to the Redwood Falls high school area. In its memorandum the court stated that neither the commissioner of education nor the State Board of Education ever approved the recommendation of the Standards Committee for transfer. Thus, no transfer occurred in 1938. That being the case, the purported transfer in 1957 was ineffective, for L. 1955, c. 818, § 1, in effect in 1957, provided that a school board could transfer its district only to an adjoining high school area, and—since no transfer had occurred in 1938—no part of the Vesta district adjoined the Redwood Falls high school area.

The only issue which plaintiffs raise on appeal is whether there is sufficient evidence to support the trial court's finding that the Vesta district was never legally transferred to the Redwood Falls high school area. Defendant contends that the appeal should be dismissed because the assignments of error are not made with the particularity required by the rules of this court. But under the recent amendments no assignments

of error are necessary so this contention is without merit. Rule 128.01, Rules of Civil Appellate Procedure. Rule 147.01 makes the amended rules applicable to further proceedings in actions pending as of February 1, 1968, the effective date, unless otherwise provided by this court.

Mr. Engum's letter of August 3, 1938, to the clerk of the Vesta school board reads in pertinent part:

"At a recent meeting of the committee considering appeals, for the Commissioner of Education, from school boards for transfers in high school area assignment, such committee granted the request of the school board of district No. 102, Redwood County, for a transfer of their district from the Echo high school area to the Redwood Falls high school area."

This is the letter which allegedly accomplished the transfer to the Redwood Falls area. A reading of the letter gives rather strong support to the trial court's conclusion that it does no such thing. The amended rule adopted by the State Board of Education vests in the commissioner the authority to alter the contiguous-area rule. The letter simply recites the action by the Standards Committee. True, it says that the committee granted the request, but this characterization cannot alter the fact that the committee did not, and could not, go beyond a recommendation to the commissioner. The committee cannot, by a form of words, expand its own authority. The letter makes no mention of any action by the commissioner, and it is signed by Engum, not the commissioner. Therefore it does not, at least on its face, confer any authority for a transfer.

Plaintiffs attempt to avoid this conclusion by pointing to Engum's testimony that he discussed the committee's recommendation with the commissioner before drafting the letter and that he had shown the letter to the commissioner and received his authorization to send it. This testimony, the plaintiffs say, demonstrates that the commissioner approved the transfer.

In the first place, it can well be questioned whether such a procedure could validly constitute official action by the commissioner even assuming that he regarded his authorization as official approval of the transfer request. The letter did not mention any disposition by the commissioner

and it did not go out under his name. To allow one to take official action simply by giving oral approval to a letter which does not recite the action and which does not go out under one's name is to extend permissible delegation of authority beyond reasonable bounds.

Aside from objection to the way in which the purported authorization was given, moreover, there is sufficient evidence from which the trial court could find that the commissioner did not intend to authorize a transfer to the Redwood Falls area. Since the letter was in effect only a recitation of the committee's action, the commissioner in approving it might well have been only approving that without any thought that he was giving formal authorization for a transfer. Furthermore, Engum testified that he discussed the committee's recommendation with the commissioner before drafting the letter. He further testified that at the time of the committee's action he considered its recommendation that Vesta be transferred to Redwood Falls to be for transportation purposes only, and that he believes Vesta is in the Echo high school area. It is reasonable to assume, therefore, that when he discussed the recommendation with the commissioner he characterized the committee's action as a recommendation for a transfer only for the purpose of transportation. If so, it is also reasonable to assume that, if the commissioner did intend to authorize a transfer, he intended to do so only for such limited purpose.

The official high school area map, verified in September 1938, reinforces the conclusion that the department viewed the transfer as one for the purpose of transportation only, for the lines of the Echo high school area encompass the Vesta district and under the district there is an arrow to the Redwood Falls area which is accompanied by the legend, "Transport to Redwood Falls." This legend is a clear indication that Vesta was, in the mapmaker's view, within the Echo high school area but subject to a provision for transportation to Redwood Falls. In total, the evidence supporting the court's finding that the Vesta district was not transferred to the Redwood Falls area is rather substantial.

Since the court could not find that there was a transfer in 1938, the conclusion that the attempted transfer in 1957 was ineffective was clearly correct, for as the court said in a memorandum accompanying

its findings, L. 1955, c. 818, § 1, does not permit a school board to transfer its district to any but an adjoining high school area.

Plaintiffs further contend that Vesta is in the Redwood Falls high school area because of a resolution of the State Board of Education, passed January 9, 1967, which reads in part:

"Therefore Be It Resolved That: the present State Board of Education herewith reaffirms the intent of the 1938 State Board of Education that Vesta be assigned to the Redwood Falls high school area and herewith orders that the Commissioner make such assignment effective retroactively to August 3, 1938.

\* \* \* \* \*

"In addition, any territory added to the Vesta school district since August 1938, is declared to be a part of the area herewith being assigned to the Redwood Falls high school area."

This resolution is, of course, utterly ineffective in so far as it attempts to make a retroactive change in the high school areas. Whether a transfer was made in 1938 depends on action taken at that time, and a governing body 30 years later cannot, by "reaffirmation," give effect to something not effective at the time. To the extent that the resolution purports to be retroactive, therefore, it has no power to bind this court.

Nor is the resolution effective as a present transfer of the district to the Redwood Falls high school area. Minn. St. 121.11, subd. 3(1), reads:

"To facilitate and control the transportation of non-resident pupils, the state board shall divide the state into secondary school areas and the state board shall continue the administration of the legal provisions and regulations regarding areas. Each area shall contain at least one classified public secondary school and such districts and parts of districts as may conveniently be served by the secondary school. Upon a vote of its governing board any part of a district or the whole thereof may be transferred to an adjoining school area of any district containing a classified public secondary school, if that district is willing to have such district assigned to its area. The decision of any board to transfer any area between secondary school areas is subject to a referendum vote of the electorate of the district at a special election on the question pursuant to statutes for

conduct of special elections. After such election, or vote of the board, the board of the district having voted on such transfer shall report to the state board the results of the election for the purpose of recording the transfers."

This provision is not entirely clear. It could be argued that either the State Board of Education or the local board could make a transfer of a district from one high school area to another. However, the most reasonable reading is that the provision allows transfer of a district from one established area to another only upon the motion of the school board for the district involved. The first sentence of the subsection empowers the state board to establish high school areas. Once those areas have been established, a district can be detached from one area and attached to another only by the action of the people who would be affected by the transfer. To allow the state board to make a transfer on its own motion would defeat the legislative intent to enable the people involved to have a voice in the transfer.

Since the state board's resolution was ineffective, whether considered as an attempt to make a retroactive change or as a present transfer, that resolution does not affect the disposition of this case. And since no valid transfer was made prior to that resolution, the judgment is affirmed.

Affirmed.

MR. CHIEF JUSTICE KNUTSON took no part in the consideration or decision of this case.